**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**UPSTATE NEW YORK ENGINEERS HEALTH FUND, by Daniel P. Harrigan, as Administrator, UPSTATE NEW YORK ENGINEERS PENSION FUND, by Daniel P. Harrigan, as Administrator, UPSTATE NEW YORK ENGINEERS S.U.B. FUND, by Daniel P. Harrigan, as Administrator, UPSTATE NEW YORK ENGINEERS TRAINING FUND, by Theron Hogle and Eugene Hallock, as Trustees, OPERATING ENGINEERS LOCAL 17 TRAINING FUND, by James Smolinski, as Administrative Manager, CENTRAL PENSION FUND OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AND PARTICIPATING EMPLOYERS, by Michael R. Fanning, as Chief Executive Officer, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 17, by Norman Noon, as Business Manager, INTERNATIONAL UNION OF OPERATING ENGINEERS, LOCAL UNION NO. 463, by Paul McCollum, as Business Manager,**

        **Plaintiffs,**

 vs.                                                                 5:14-CV-1539
                   (MAD/TWD)

**DIPIZIO CONSTRUCTION CO., INC., BERNARD DIPIZIO, individually and as an Officer of DiPizio Construction Co., Inc., ROSANNE DIPIZIO, individually and as an Officer of DiPizio Construction Co., Inc.,**

        **Defendants.**
_____

**APPEARANCES:**                                          **OF COUNSEL:**

**BLITMAN, KING LAW FIRM**                     **JENNIFER A. CLARK, ESQ.**
443 North Franklin Street Suite 300
Syracuse, New York 13204
Attorneys for Plaintiffs

**BARCLAY DAMON LLP**                            **MICHAEL E. FERDMAN, ESQ.**
3 Fountain Plaza
1100 M&T Center

Buffalo, New York 14203
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## DECISION AND ORDER

### I. INTRODUCTION

On December 19, 2014, Plaintiffs Upstate New York Engineers Health Fund, Upstate New York Engineers Pension Fund, Upstate New York Engineers S.U.B. Fund, Upstate New York Engineers Training Fund, Operating Engineers Local 17 Training Fund, Central Pension Fund of the International Union of Operating Engineers and Participating Employers (collectively, the "Funds"), International Union of Operating Engineers, Local Union No. 17, and International Union of Operating Engineers, Local Union No. 463 (collectively, the "Unions") commenced this action against DiPizio Construction Co., Inc., Bernard DiPizio, and Rosanne DiPizio for failing to timely remit benefit contributions and deductions under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 1985. *See* Dkt. No. 1 at ¶¶ 1-2. In a July 14, 2017 Memorandum-Decision and Order ("July Order"), the Court partially granted summary judgment in Plaintiffs' favor. *See* Dkt. No. 74. Presently before the Court are Plaintiffs' and Defendants' motions for reconsideration of the July Order. *See* Dkt. Nos. 76, 77. For the following reasons, the motions are denied.

### II. BACKGROUND

The Court presumes the parties' familiarity with the facts and procedural history of this case and, therefore, recites only those facts necessary to resolve the pending motions. For a fuller statement of the background in this case, the parties are directed to the Court's July Order. In the complaint, Plaintiffs alleged that DiPizio Construction was required to pay contributions and

2

deductions to the Funds and the Unions because it was bound by the terms of collective bargaining agreements ("CBAs") with Local No. 17 and Local No. 463. *See* Dkt. No. 1 at ¶¶ 24-25. On December 15, 2016, Plaintiffs moved for summary judgment, seeking injunctive relief and an award of unpaid deductions and contributions, as well as interest, liquidated damages, audit fees, and attorneys' fees and costs. *See* Dkt. No. 61-57 at 1. The Court partially granted the requested injunctive relief, as well as an award of unpaid deductions, contributions, interest, liquidated damages, and attorneys' fees and costs. *See* Dkt. No. 74. Now, both Plaintiffs and Defendants move for reconsideration of the Court's July Order.

### III. DISCUSSION

**A.    Legal Standard**

"The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Motions for reconsideration will be denied "where the moving party seeks solely to relitigate an issue already decided." *See id.* "Accordingly, earlier decisions in a case 'may not usually be changed unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice.'" *In re Edny Cathode Ray Tube Antitrust Cases*, No. 17-CV-4504, 2017 WL 4351503, *1 (E.D.N.Y. Sept. 29, 2017) (quoting *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand LLP*, 322 F.3d 147, 167 (2d Cir. 2003)).

**B.    Plaintiffs' Motion**

3

Plaintiffs move for reconsideration of the Court's July Order insofar as it granted attorneys' fees of $42,567 based on rates of $210 per hour for attorneys and $80 per hour for paralegals. *See* Dkt. No. 76 at ¶ 2. Plaintiffs argue that the rates granted by the Court constitute a manifest injustice that warrants reconsideration of the Court's July Order. *See id.* at ¶ 3.

In determining the reasonableness of attorneys' fees rates, the Second Circuit has held that a court is to consider "all of the case-specific variables that [courts] have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008). Those factors include the complexity and difficulty of the case, the resources required for effective prosecution of the case, the case's timing demands, the attorney's interest in achieving the ends of the litigation, the nature of representation, and the type of work involved in the case. *See id.* at 184 n.2. The Second Circuit defines a "reasonable hourly rate" as "the rate a paying client would be willing to pay . . . bear[ing] in mind that a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Id.* Additionally, the Second Circuit's "'forum rule' generally requires use of 'the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee.'" *Bergerson v. N.Y. State Office of Mental Health, Cent. N.Y. Psychiatric Ctr.*, 652 F.3d 277, 290 (2d Cir. 2011) (quoting *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009)).

The attorneys' fees granted in the Court's July Order are in line with hourly rates awarded in the Northern District. In *I.B.E.W. Local 910 Welfare, Annuity & Pension Funds ex rel. Love v. Grayco Elec., Inc.*, No. 12-CV-652, 2013 WL 495638, *4 (N.D.N.Y. Feb. 7, 2013) (D'Agostino, J.), this Court granted attorneys' fees in an ERISA case to the same attorneys that represent Plaintiffs in this case. The Court noted that it was "aware of attorneys' fee awards in similar cases

4

in this community; it has recently been determined that the prevailing rate in this community in a similar case by the same attorneys is $210 per hour for experienced attorneys, $150 per hour for associates with more than four years experience, and $80 per hour for paralegals." *See id.* (citing *Eng'rs Joint Welfare, Pension, Supp. Unempl. Benefit & Training Funds v. Reape*, No. 06-CV-1539, 2008 WL 2385908, *4 (N.D.N.Y. June 9, 2008)). More recently, courts in this district have awarded similar rates in other types of cases. *See Miller v. City of Ithaca*, No. 10-CV-597, 2017 WL 61947, *2 (N.D.N.Y. Jan. 5, 2017) ("While there are no hard limits, in this District, the prevailing rate for experienced attorneys with specialized expertise in handling particular matters is generally $225; a reasonable rate for associates, depending on whether they have more or less than four years of experience, is $150 and $120, respectively; and paralegals are deserving of a rate of $80").

Over the past few years, courts in this district have regularly awarded attorneys' fees of $210 and paralegal fees of $80 in ERISA cases. *See Bricklayers & Allied Craftworkers Local 2 v. Ne. Specialty Sys., Inc.*, No. 16-CV-610, 2017 WL 3731925, *4 (N.D.N.Y. Aug. 30, 2017); *Upstate N.Y. Eng'rs Health Fund v. S. Buffalo Elec., Inc.*, No. 15-CV-903, 2017 WL 1192178, *4 (N.D.N.Y. Mar. 29, 2017); *Upstate N.Y. Eng'rs Health Fund v. FMC Demolition, Inc.*, No. 13-CV-1307, 2015 WL 401113, *7 (N.D.N.Y. Jan. 28, 2015); *Upstate N.Y. Eng'rs Health Fund ex rel. Harrigan v. Ransom*, No. 13-CV-1434, 2015 WL 145441, *5 (N.D.N.Y. Jan. 12, 2015) (D'Agostino, J.); *Cent. N.Y. Laborers' Health & Welfare Fund ex rel. Moro v. Taylor*, No. 11-CV-688, 2012 WL 3201950, *3 (N.D.N.Y. Aug. 3, 2012); *Upstate N.Y. Carpenters Pension Fund v. The MBE Grp., Inc.*, No. 08-CV-129, 2011 WL 838849, *3 (N.D.N.Y. Mar. 4, 2011). On the other hand, some courts in this district have awarded higher fees in ERISA cases. *See Easter v. Cayuga Med. Ctr. at Ithaca Prepaid Health Plan*, No. 14-CV-1403, 2017 WL 32679222, *3

5

(N.D.N.Y. July 31, 2017) (awarding fees at a rate of $245-$265 per hour for attorneys and $90 per hour for paralegals); *Bricklayers & Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC*, 113 F. Supp. 3d 601, 609-10 (N.D.N.Y. 2015) (awarding fees at a rate of $279 per hour for attorneys and $152 per hour for paralegals); *UFCW Local One Pension Fund v. Anami Foods, LLC*, No. 12-CV-632, 2013 WL 5236553, *4-5 (N.D.N.Y. Sept. 17, 2013) (awarding fees at a rate of $175-$250 for attorneys and $100 for paralegals).

After considering the relevant factors, the Court determined that rates of $210 per hour for attorneys and $80 per hour for paralegals were reasonable in this case. Although those rates are on the lower end of what is normally awarded in this district, they are still within that normal range. *See Lore v. City of Syracuse*, 670 F.3d 127, 176 (2d Cir. 2012) (holding that a court in the Northern District did not abuse its discretion in awarding fees of $210 per hour for experienced attorneys and $80 per hour for paralegals). Furthermore, courts may consider the quality of an attorney's performance when calculating a reasonable hourly rate. *See Millea v. Metro-North R. Co.*, 658 F.3d 154, 168 (2d Cir. 2011) (citing *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 553 (2010)). In this case, as in the many other cases that Plaintiffs' counsel has brought in this Court, Plaintiffs' counsel appears to mainly use stock language in its memorandum of law and affidavits. Still, significant portions of Plaintiffs' motion for summary judgment—which included 58 exhibits consisting of 1402 pages—were confusing and disorganized, creating more work for the Court.

Although other courts in the Northern District have awarded higher hourly rates in ERISA cases, the rates awarded in this case were reasonable and certainly do not constitute a manifest injustice that would warrant reconsideration. *See Eng'rs Joint Welfare Fund v. C. Destro Dev. Co., Inc.*, No. 10-CV-474, 2017 WL 395123, *3 (N.D.N.Y. Jan. 30, 2017) ("While other courts in

6

this district have found that higher hourly rates for paralegals can be reasonable, awarding attorneys' fees based on an hourly rate of $80 for paralegals does not constitute the type of legal error or manifest injustice that would be required in order to grant reconsideration" (citation omitted)).  Therefore, Plaintiffs' motion for reconsideration is denied.

**C.     Defendants' Motion**

Defendants' motion for reconsideration argues that "the Court's decision was based on the incorrect premise that [DiPizio Construction] was a 9(a) contractor, when on [SIC] fact the record demonstrates that it was an 8f contractor."  *See* Dkt. No. 77-1 at 1.  Therefore, Defendants argue, DiPizio Construction was not actually bound by the CBAs with Local No. 17 and Local No. 463.  *See id.*  The problem with this argument is that the Court never found that DiPizio Construction was a 9(a) contractor.  In fact, Plaintiffs and Defendants agree that DiPizio Construction was an 8(f) contractor.  *See* Dkt. No. 77-1 at 1; Dkt. No. 78 at ¶ 3(k).

Sections 9(a) and 8(f) of the National Labor Relations Act ("NLRA") provide two different ways that collective bargaining may arise between a union and an employer.  Under section 9(a), "employers are obligated to bargain with unions that have been 'designated or selected for the purposes of collective bargaining by the *majority of the employees* in a unit appropriate for such purposes.'"  *Allied Mech. Servs., Inc. v. N.L.R.B.*, 668 F.3d 758, 760-61 (D.C. Cir. 2012) (emphasis added) (quoting 29 U.S.C. § 159(a)).  "[S]ection 8(f) creates a limited exception to this majority support requirement for the construction industry.  Under this exception, a contractor may sign a 'pre-hire' agreement with a union regardless of how many employees authorized the union's representation."  *See id.* at 761 (quoting *Nova Plumbing, Inc. v. N.L.R.B.*, 330 F.3d 531, 534 (D.C. Cir. 2003)).  Just as sections 9(a) and 8(f) provide different ways for unions and employers to form relationships, the circumstances under which those

relations can be terminated are also different. *See id.* at 766. Notably, unlike section 9(a) agreements, "an employer may refuse to bargain after a section 8(f) agreement expires." *See Nova Plumbing, Inc.*, 330 F.3d at 534.

In the July Order, the Court found that DiPizio Construction was bound by the CBAs with Local No. 17 and Local No. 463 because DiPizio Construction adopted the CBAs through its conduct. *See* Dkt. No. 74 at 8. It is well established that an employer may be bound by unsigned CBAs where its "conduct manifested an intent to adopt, or agree to, the unsigned CBAs." *Brown v. C. Volante Corp.*, 194 F.3d 351, 355 (2d Cir. 1999). In this case, the Court found that DiPizio Construction's conduct manifested such an intent. *See* Dkt. No. 74 at 7-10. The question, then, is whether an employer may adopt an 8(f) agreement through its conduct.[1] The National Labor Relations Board has addressed this very question and held that "the principles of 'adoption by conduct' of a collective-bargaining agreement, properly understood, are applicable to agreements covered by Section 8(f) as well as Section 9(a)." *E.S.P. Concrete Pumping, Inc.*, 327 NLRB 711, 712 (1999); *see also S. Cal. Painters & Allied Trade Dist. Council No. 36 v. Best Interiors, Inc.*, 359 F.3d 1127, 1132 (9th Cir. 2004) ("In light of the Board's considered judgment and reasoning, we decline to depart from the Board's rule in *E.S.P. Concrete* that employers who are party to [section 8(f)] agreements can adopt a contract by their conduct"). Therefore, Defendants' motion for reconsideration is denied.

## IV. CONCLUSION

---

[1] Defendants actually pose a somewhat different question in their motion for reconsideration. Defendants argue that because 8(f) agreements do not automatically renew upon their expiration, DiPizio Construction is not bound by the CBAs. *See* Dkt. No. 79 at 2-3. But the Court did not find that the CBAs in this case automatically renewed upon expiration; instead, the Court found that DiPizio Construction adopted the CBAs through its conduct. Therefore, the Court will address the more relevant question of whether employers may adopt 8(f) agreements through their conduct.

After carefully reviewing the entire record in this matter, the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiffs' motion for reconsideration (Dkt. No. 76) is **DENIED**; and the Court further

**ORDERS** that Defendants' motion for reconsideration (Dkt. No. 77) is **DENIED**; and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: November 28, 2017
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge